**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

MICHAEL K. MERRIFIELD,

        Petitioner,

v.                                      CIVIL ACTION NO. 3:26-0253

SUPERINTENDENT JOHNATHAN FRAME,
Mount Olive Correctional Complex,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

This action was referred to the Honorable Omar Aboulhosn, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendations (PF&R) for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted Findings of Fact and recommended that the Court deny Petitioner Michael K. Merrifield's Third Motion to Waive the Exhaustion Requirement, Compelling a De Novo Review of His Petition for Writ of Habeas Corpus Under 28 U.S.C. §2254 (b)(a)(B)(ii) (ECF No. 1, Pet'r's Mot.) and remove this matter from the Court's docket. *See* ECF No. 4, PF&R 16. Petitioner has filed objections to the Magistrate Judge's findings and recommendations. *See* ECF No. 11, Pet'r's Objs.

The Court having reviewed, de novo, the pleadings and movant's objections, the Court **ADOPTS in part** and **DECLINES TO ADOPT in part** the Magistrates Judge's Findings and Recommendations.

**BACKGROUND**

In 2008, a West Virginia jury convicted Mr. Merrifield of First Degree Murder, Death of a Child, and Sexual Abuse. *See* Pet. for Writ of Habeas Corpus, Ex. 1, at 2, *Merrifield v. Ballard*,

No. 3:16-cv-12280 (S.D. W. Va. Dec. 19, 2016), ECF No. 1. The Supreme Court of Appeals of West Virginia (SCAWV) refused to take up Mr. Merrifield's direct appeal. *See id.* at 3. In 2011, Mr. Merrifield filed a pro se Petition for Writ of Habeas Corpus in state court. *See generally id.* According to Mr. Merrifield, the Petition remains pending. *See* ECF No. 1, Pending Pet. 7.

Mr. Merrifield has previously filed four other habeas petitions with this Court. *See* Pet. for Writ of Habeas Corpus, *Ballard* (No. 3:16-cv-12280), ECF No. 1; Mot. for Writ of Habeas Corpus, *Merrifield v. Ames*, No. 2:20-cv-00386 (S.D. W. Va. 5, 2020), ECF No. 1; Pet. for Writ of Habeas Corpus, *Merrifield v. Frame*, No. 3:25-cv-00059 (S.D. W. Va. Jan. 30, 2025), ECF No. 1; Pet. for Writ of Habeas Corpus, *Merrifield v. West Virginia*, No. 3:25-cv-00756 (S.D. W. Va. Dec. 29, 2025), ECF No. 1.

Generally, a state prisoner seeking habeas relief from a federal court must first exhaust "remedies available" in state court. 28 U.S.C. § 2254(b)(1)(A). But the petitioner need not satisfy this requirement if the available state remedies are "ineffective to protect the [petitioner's] rights . . . ." *Id.* § 2254(b)(1)(B)(ii). Alongside both his 2016 and January 2025 petitions, Mr. Merrifield filed a motion to "waive" § 2254's exhaustion requirement pursuant to § 2254(b)(1)(B)(ii). *See* Mot. to Waive Exhaustion Requirement Pursuant to 28 U.S.C. §2254(b)(1)(B)(ii) Compelling a De Novo Review of Petitioner's Writ of Habeas Corpus, *Ballard* (No. 3:16-cv-12280) (S.D. W. Va. Dec. 19, 2016), ECF No. 3; Mot. to Waive Exhaustion Requirement, *Frame* (No. 3:25-cv-00059) (S.D. W. Va. Jan. 30, 2025), ECF No. 2. The Court denied both Motions. *See Merrifield v. Ballard*, CIV A. NO. 3:16-12280, 2017 WL 2984071, at *2 (S.D. W. Va. July 13, 2017); *Merrifield v. Frame*, CIV A. NO. 3:25-00059, 2025 WL 2851879, at *2 (S.D. W. Va. Oct. 8, 2025). In the most recent denial, the Court explained Mr. Merrifield had failed to show that West

-2-

Virginia's state remedies are ineffective because had not sought a writ of mandamus from the SCAWV. *See Frame*, 2025 WL 2851879, at *1–2.

According to Mr. Merrifield's pending petition, seeking a writ of mandamus turned out to be a "fool's errand." Pending Pet. 7. Mr. Merrifield filed a Petition for a Writ of Mandamus with the SCAWV on December 5, 2025. *See id.* at 4; Pending Pet., Ex. B3, at 1. He forgot to include a Verification Page and Certificate of Service, but sent the same to the SCAWV on December 8, 2025 after he realized his mistake. *See* Pending Pet. 4. After about fifty days had passed, Mr. Merrifield asked his counsel for the state habeas proceeding, Jason Gain, to check for updates on the SCAWV docket. *See id.* at 4; Pending Pet., Ex. B1. Mr. Gain informed Mr. Merrifield that the SCAWV had entered a scheduling order on January 7, 2026 ordering Mr. Merrifield "to submit a verification page and certificate of service on or before January 28, 2026" lest his petition be dismissed. Pending Pet., Ex. B3, at 1; *see* Pending Pet. 5; Pending Pet., Ex. B2. Mr. Merrifield claims the SCAWV never mailed him a copy of the scheduling order. *See* Pending Pet. 5. He says that, on January 27, 2026, he sent "a letter to the SCAWV explaining the matter while resubmitting a second Certificate of Service, another notarized Verification Page and an Appendix Certificate." *Id.* at 5. On February 9, 2026, the SCAWV issued a Notice of Intent to Dismiss. *See* Pending Pet., Ex. C1. The Notice stated the SCAWV's scheduling order had directed Mr. Merrifield "to submit an appendix certification . . . ."[1] *Id.* at 1. It then ordered Mr. Merrifield "to submit a verification page and certificate of service on or before March 2, 2026, or the case will be dismissed." *Id.* Mr. Merrifield says he received the Notice on February 13, 2026 and sent "another notarized Verification Page, two Certificates of Service and an Appendix Certficiation" to the SCAWV on

---

[1] The scheduling order did not, in fact, direct Mr. Merrifield to submit an "appendix certification." *See* Pet., Ex. B3. It directed Mr. Merrifield to file a verification page and certificate of service, but it made no mention of an appendix certification.

February 20, 2026. Pending Pet. 5. On March 3, 2026, Mr. Merrifield again contacted Mr. Gain and asked him to check the status of the petition. *See id.* at 5; Pending Pet., Ex. E1. Mr. Gain said he "tried to pull it and there are no records for the case anymore." Pending Pet. Ex. E2. "The only thing I can think is that it was dismissed," Mr. Gain wrote. *Id.*

Mr. Merrifield has again moved to "waive" § 2254's exhaustion requirement. *See* Pending Pet. 1. He notes that, "[i]n twenty . . . years of sending or receiving mail in prison, [he] has never had one single document go missing." *Id.* at 6. He concludes that there is a "malefactor . . . somewhere within the SCAWV" obstructing his mandamus petition because "the SCAWV does not want to touch this case . . . ." *Id.*; *see also id.* at 12 (alleging that the SCAWV has engaged in "sabotaging efforts").

Magistrate Judge Aboulhosn recommended that the Court deny Mr. Merrifield's Motion. *See* PF&R 15. He found that Mr. Merrifield's allegations of "official misconduct" are "unsupported by the record and appear[] to be based on conjecture." *Id.* at 13. He also noted there was no evidence the SCAWV ever received a verification page and certificate of service. *See id.* at 14. The Magistrate Judge found that Mr. Merrifield has merely "experienced issues with his incoming/outgoing mail that has either resulted in the loss or delay of mail." *Id.* He acknowledged that "Petitioner contends he has never before experienced any [mailing] issues," but explained that "such does not lead to the conclusion that such is the result of 'official misconduct.'" *Id.* Judge Aboulhosn also stated:

> Although Petitioner concludes he acted with diligence, Petitioner acknowledges that he waited approximately 50 days after the mailing of his Petition for Writ of Mandamus to the SCAWV before he made any effort to check the status of the case. Petitioner could have easily requested a copy of the Docket Sheet from the SCAWV, or had his mother or State *habeas* counsel make such a request on his behalf.

*Id.* at 7 n.2.

Mr. Merrifield filed objections to the Magistrate Judge's PF&R. *See* Pet'r's Objs. After reviewing Mr. Merrifield's claims, the Court contacted the SCAWV about the status of the mandamus petition. The SCAWV's Clerk's Office informed the Court that the petition is pending and ripe for decision. Accordingly, the Court directed Merrifield to file a supplement to his Objections explaining why state remedies are ineffective even though his mandamus petition remains pending. *See* ECF No. 14, at 2.

According to Mr. Merrifield's Supplement,[2] the SCAWV initially dismissed the mandamus petition but reversed that dismissal. *See* ECF No. 17, Pet'r's Supp. 2. The Supplement states Merrifield's mother contacted the SCAWV to ask why Merrifield never received notice of the dismissal, its reversal, and other documents in the case. *See id.* According to Mr. Merrifield, the SCAWV "informed Petitioner's mother that the SCAWV does not send or provide any filed documents unless required by one of the parties." *Id.*

## ANALYSIS

Mr. Merrifield raises three objections to the PF&R. The Court addresses each in turn.

### A. The Magistrate Judge Did Not Err by Failing to Recuse Himself

Mr. Merrifield argues Magistrate Judge Aboulhosn is biased against him and therefore should have recused himself from this matter. *Id.* at 2, 5, 7, 9–10. Since the Court will dismiss Petitioner's habeas petition, this objection is moot. But to prevent the need for future motions practice over Judge Aboulhosn's alleged bias, the Court will address the merits of Mr. Merrifield's contention.

Petitioner first argues Magistrate Judge Aboulhosn is biased because Aboulhosn previously recommended denying a habeas petition on failure-to-exhaust grounds even though Mr. Merrifield

---

[2] The Supplement was filed late. *See* ECF Nos. 16, 17.

had not "raise[d] a claim of 'inordinate delay' or 'futility' concerning his state habeas proceedings." *Id.* at 1. In that case, Mr. Merrifield had filed a Motion for Stay and Abeyance Request, intended to ensure a federal court could still hear a challenge to his state conviction if he were released from state custody. *See* Protective Federal Habeas Pet. & Mot. for Stay and Abeyance Req. 1–2, *West Virginia* (No. 3:25-cv-00756) (S.D. W. Va. Dec. 29, 2025), ECF No. 2. In recommending that the Court deny the Motion, Judge Aboulhosn opined that Petitioner should not "be excused from exhausting his State court remedies due to inordinate delay . . . ." Proposed Findings & Recommendation 9, *West Virginia* (No. 3:25-cv-00756) (S.D. W. Va. Dec. 31, 2025), ECF No. 8.

The Magistrate Judge did not err in considering exhaustion in his December 2025 Proposed Findings and Recommendations. While a court may stay and hold in abeyance a habeas petition before the petitioner has exhausted state remedies, it should only do so if the petitioner has good cause for failing to exhaust state remedies. *Rhines v. Weber*, 544 U.S. 269, 275, 277 (2017). Accordingly, Mr. Merrifield invited an exhaustion analysis by moving for a stay and abeyance.[3]

Mr. Merrifield also argues Magistrate Judge Aboulhosn is biased because he issued his PF&R on New Years Eve, and only eighteen hours after the case was assigned to him. *See* Pet'r's Objs. 5, 10. Petitioner suggests Judge Aboulhosn was trying to "beat Petitioner to the punch" by issuing the PF&R before Mr. Merrifield could object to the Magistrate Judge assignment. *Id.* The Court disagrees that Judge Aboulhosn's efficiency or decision to work on a holiday indicates any sort of bias, especially since Aboulhosn ultimately issued a thorough, well-reasoned opinion.[4]

---

[3] To be sure, Magistrate Judge Aboulhosn's analysis missed the mark somewhat. Instead of considering whether Mr. Merrifield had good cause for failing to exhaust state remedies, he analyzed whether § 2254(b)(1)(B) applies, i.e., whether the available state remedies are ineffective to protect the Mr. Merrifield's rights. *See* Proposed Findings & Recommendation 7–9, *West Virginia* (No. 3:25-cv-00756) (S.D. W. Va. Dec. 31, 2025), ECF No. 8. But such a minor legal error does not provide evidence of bias.

[4] Mr. Merrifield claims it would have been "impossible" for Magistrate Judge Aboulhosn to read the record in this

Mr. Merrifield also faults Judge Aboulhosn for "ignor[ing]" the letter attached to his Petition, which asks the Clerk of this Court to "disqualify" Aboulhosn from being assigned this case. *See id.*; *see also* Pending Pet., Cover Letter. But there is no indication Judge Aboulhosn "ignored" the letter. A magistrate judge need not review letters sent to the Clerk of Court. Even if Judge Aboulhosn had read the letter, he had no obligation to act on it. It made no request of Judge Aboulhosn, asking instead for intervention by the Clerk. *See* Pending Pet., Cover Letter.

Mr. Merrifield also claims Magistrate Judge Aboulhosn previously recused himself from a habeas petition Petitioner had filed. *See* Pet'r's Objs. 6. While it is true that Judge Aboulhosn transferred the petition to another magistrate judge, there is no indication he did no because he was biased against Mr. Merrifield. *See* Order, *Ames* (No. 2:20-cv-00386) (S.D. W. Va. June 10, 2020), ECF No. 5.

In addition, Mr. Merrifield seems to suggest this Court is purposefully assigning Judge Aboulhosn to his cases. *See* Pet'r's Objs. 7. The only evidence he cites in support of this allegation is Judge Aboulhosn's assignment to "four . . . out of five . . . of Petitioner's cases in the Southern District." *Id.* While unlikely, Judge Aboulhosn's repeated assignment is not so improbable that it supports the extraordinary contention that the Clerk of Court is deliberately trying to prejudice Petitioner by assigning his cases to a biased magistrate judge.

Finally, Mr. Merrifield argues Magistrate Judge Aboulhosn is biased because he "wrongly accus[ed] Petitioner, on at least four . . . occasions in his [PF&R], of criticizing the SCAWV of engaging in 'official misconduct.'" *Id.* at 9. Mr. Merrifield asserts he "does not qualify the SCAWV's move as 'official misconduct.'" *Id.* But that is precisely what he does. He may not use

---

case within eighteen hours. Pet'r's Objs. 9. This contention is without merit—the record in this case is only twenty-six pages long. *See* Pending Pet. Exs. A–F.

the words "official misconduct" to describe the SCAWV's actions, but his Motion accuses it of the same. Petitioner, for example, alleges the mailing issues he has experienced were caused by a "malefactor . . . somewhere within the SCAWV." Pending Pet. 6. He also claims the SCAWV has "eluded having to issue a mandamus" through "sabotaging efforts . . . ." *Id.* at 12. Petitioner uses similar rhetoric in his Objections, stating that "[w]hat occurred in the SCAWV . . . can only be qualified as systemic obstruction." Pet'r's Objs. 13. The Magistrate Judge fairly described Mr. Merrifield's allegations.

Since Mr. Merrifield has offered no convincing evidence of bias, the Court **OVERRULES** this objection.

## B. Petitioner Has Not Shown That Pursuing State Remedies Would Be Futile

Mr. Merrifield argues the Magistrate Judge "erroneously [found] that the 'facts do not support a conclusion that the above State remedy is rendered futile or fruitless due to official misconduct.'" *Id.* at 10 (quoting PF&R 14–15).

Petitioner first takes issue with the PF&R's framing of his allegations, asserting that he "has **never** accused the SCAWV of 'official misconduct.'" *Id.* (emphasis in original). As already discussed, Mr. Merrifield's claims are, in fact, accusations of official misconduct.

Mr. Merrifield then argues that, given the repeated mailing issues in this case, seeking a writ of mandamus from the SCAWV is futile. *See id.* at 13–14, 16. But the petition is pending and ripe for decision. While the SCAWV's alleged practice of not sending parties copies of court orders is troubling, Petitioner may yet obtain relief through state remedies.

Mr. Merrifield also argues § 2254(b)(a)(B)(ii) applies because the docket for the mandamus petition "was erased and scrubbed from the SCAWV website . . . ." *Id.* at 17. While this alleged

erasure is puzzling, it does not bear on the futility of available state remedies. Seeking a writ of mandamus may be viable even if some of the SCAWV's dockets cannot be viewed by the public.

Since Mr. Merrifield's mandamus petition is still pending, the Court cannot conclude available state remedies are ineffective to protect his rights. The Court **OVERRULES** this objection.

### C. The Magistrate Judge Erred in Suggesting Petitioner Did Not Act Diligently

Finally, Mr. Merrifield takes issue with the following statement in the PF&R:

Although Petitioner concludes he acted with diligence, Petitioner acknowledges that he waited approximately 50 days after the mailing of his Petition for Writ of Mandamus to the SCAWV before he made any effort to check the status of the case. Petitioner could have easily requested a copy of the Docket Sheet from the SCAWV, or had his mother or State *habeas* counsel make such a request on his behalf.

PF&R 7 n.2; *see* Pet'r's Objs. 23. The Court **SUSTAINS** this objection **in part**. The Court does not agree Petitioner's waiting fifty days to check the status of his case reflects a lack of diligence. In addition, Mr. Merrifield should not be expected to rely on the assistance of his mother (who, according to Petitioner, is seventy-nine years old) or an attorney who is representing him in a different case. That said, the Court agrees "Petitioner could have easily requested a copy of the Docket Sheet from the SCAWV." Mr. Merrifield complains that he *did* request a docket sheet from the SCAWV. *See* Pet'r's Objs. 24. But he says he did so "at the time the Petition was filed," *id.*, not after confusion arose about the status of this case.

### CONCLUSION

The Court **ADOPTS** the Magistrates Judge's Findings and Recommendations except for the findings contained in footnote two. The Court **DENIES** Petitioner's Third Motion to Waive the Exhaustion Requirement, Compelling a De Novo Review of His Petition for Writ of Habeas Corpus Under 28 U.S.C. §2254 (b)(a)(B)(ii) (ECF No. 1), **DENIES as moot** Petitioner's Motion

to Recuse and or Disqualify United States Magistrate Judge Omar J. Aboulhosn from the Proceedings (ECF No. 12), and **DISMISSES** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) **without prejudice**.

Having dismissed the Petition, the Court must decide whether to grant a certificate of appealability ("COA"). *See generally* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). "When [a] district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard is not satisfied here. Accordingly, the Court **DENIES** a certificate of appealability.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:      July 8, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE